# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DICKSON INDUSTRIES, INC.**, an Oklahoma corporation, ) ) ) ) Plaintiff, ) ) vs. ) ) **PATENT ENFORCEMENT TEAM, L.L.C.**, ) a Florida limited liability company, ) ) Defendant, ) ) vs. ) ) **MIDSTATE TRAFFIC CONTROLS, INC.**, ) an Oklahoma corporation, ) ) and ) ) **SAWHORSE INVESTMENTS, L.L.C.**, ) an Oklahoma limited liability company, ) ) Third-party defendants. ) | **CASE NO. CIV-02-467-HE** |

### DEFENDANT PATENT ENFORCEMENT TEAM, LLC'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND THIRD PARTY COMPLAINT

Defendant Patent Enforcement Team, LLC ("PET") hereby answers the First Amended Complaint ("Complaint") of Plaintiff Dickson Industries, Inc. ("Dickson") and counterclaims against Dickson and joins additional third party defendants Midstate Traffic Controls, Inc. ("Midstate") and Sawhorse Investments, L.L.C. ("Sawhorse"). This amended filing is intended to relate back to Defendant's original filing [Doc 018] to the fullest extent permitted by Fed.Rul.Civ.Pro. 15( c).

1. PET admits the allegation that it is the owner by assignment of the '069 patent. PET further admits that Dickson's complaint purports to allege an action for declaratory judgment pursuant to 28 U.S.C. § 2201 as well as a claim of tortious interference with Dickson's

business relations. However, PET denies that it tortiously interfered with Dickson's business relations and that the '069 patent is invalid and unenforceable.

2. PET admits the allegations contained in Paragraph 2 of the Complaint.

3. PET admits the allegations contained in Paragraph 3 of the Complaint.

4. PET admits that Dickson manufactured and sold one or more machines to Diversified Concrete Cutting, Inc. ("Diversified"), a Nevada corporation with a principal place of business in Nevada, and upon information and belief, no place of business in the state of Oklahoma. PET is without knowledge or information sufficient to form a belief as to the truth of the allegation that machines sold to Diversified were delivered in Tecumseh, Oklahoma. PET is without direct knowledge or information sufficient to form a belief as to the truth of the allegation that Dickson sold a machine to Sawhorse Investments, LLC ("Sawhorse") to be leased to Midstate Traffic Controls, Inc. ("Midstate") and the allegation that such machine was delivered in Oklahoma City, Oklahoma. PET admits that it alleged in an action in Arizona that Diversified uses a method of forming grooves in a road surface to make rumble strips that is covered by claim 5 of the '069 patent. PET admits that, after Dickson filed and served its complaint to commence this action, PET alleged in the Arizona action that Dickson has manufactured and sold products that are used for a method of forming grooves in a road surface to make rumble strips that is covered by claim 5 of the '069 patent. PET denies that it has made any allegations of infringement against Midstate in any legal action, but PET admits that PET advised Midstate that PET believes that Midstate has cut rumble strips in a method covered by claim 5 of the '069 patent.

5. PET denies the allegations contained in Paragraph 5 of the Complaint. PET has granted a license to Thomas Grinding, Inc. to make and sell rumble strip cutting machines under the apparatus claims of the '069 patent, which claims are not at issue.

6. PET admits the allegations contained in Paragraph 6 of the Complaint.

7. PET denies the allegations contained in Paragraph 7 of the Complaint.

8. PET admits that the allegation that it took assignment of the '069 patent. PET denies the remainder of the allegations contained in Paragraph 8 of the Complaint, except that PET brought a legal action for patent infringement against Diversified in the District of Arizona.

9. PET admits the allegation contained in Paragraph 9 of the Complaint that it filed a patent infringement lawsuit against Diversified in the United States District Court for the District of Arizona. PET denies that it made any allegation of infringement based on Diversified's use of machines purchased from Dickson. Rather, PET has only sued Diversified for cutting rumble strips in a method covered by claim 5 of the '069 patent.

10. PET admits that it has sent correspondence to Midstate informing it of the method of claim 5 of the '069 patent and offering a license to cut rumble strips under the method of claim 5 of the '069 patent. PET admits that Glen Thomas is a representative of PET and that Mr. Thomas, in his capacity as manager of PET, had communications with Midstate, but PET denies the allegation that Mr. Thomas informed Midstate that Midstate's use of machines manufactured by and purchased from Dickson constitute infringement of claim 5 of the '069 patent. PET admits that it attempted to negotiate a license with Midstate. PET denies the allegation that it represented that a license was necessary for Midstate's use of the machine manufactured by and purchased from Dickson. PET admits that sales information concerning the sale of a machine covered by a license for the '069 patent was sent to Midstate by Thomas Grinding, Inc.

11. PET denies the allegation contained in Paragraph 11 of the Complaint that it directed communications to counsel for Dickson. PET admits that any communications directed to Mr. John A. Kenney were made in his capacity as counsel for Diversified and/or Midstate, but PET had no knowledge prior to this action that Mr. Kenney represented Dickson. PET denies the allegation that it threatened litigation against either Midstate or Dickson.

12. PET is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 12 of the Complaint. PET denies

the allegation that it threatened litigation. PET admits that Dickson believes the referenced patent invalid and/or unenforceable, but PET denies that the subject patent is invalid and/or unenforceable.

13. For purposes of a previously filed Motion to Dismiss, which this Court has overruled, PET states that it denied at that time that this Court has subject matter jurisdiction over these claims and denied that the state law claim is so related to the declaratory judgment claim that they form part of the same case or controversy.

14. In the Motion to Dismiss, PET denied that venue is proper because this Court did not have personal jurisdiction over PET in Oklahoma.

**COUNT I - Declaratory Judgment**

15. PET incorporates by reference Paragraphs 1 through 14 of its Answer.

16. PET admits the allegations contained in Paragraph 16 of the Amended Complaint, except PET does not have sufficient knowledge or information as to the truth of the allegation that Midstate leases the machine.

17. PET denies the allegations of the first sentence of Paragraph 17 as PET had not threatened suit for infringement of claim 5 of the '069 patent against anyone. PET admits that it sued Diversified in the District of Arizona for practicing a method for forming grooves in a road to make rumble strips that infringes claim 5 of the '069 patent, but PET denies the allegation that Diversified uses a "similar machine that is manufactured by Dickson." PET admits that it filed an amended complaint to include Dickson as a defendant after Dickson sued PET in this action. That proceeding has now been stayed in favor of the action pending in this Court and the parties thereto agreed to be bound by the outcome in this action.

18. PET denies the allegations contained in Paragraph 18 of the Complaint.

19. PET denies the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. PET denies the allegations contained in Paragraph 20 of the Complaint.

21. PET denies the allegations contained in Paragraph 21 of the Complaint.

22. PET denies the allegations contained in Paragraph 22 of the Complaint.

PET denies that Dickson is entitled to any of the requested relief.

## COUNT II - Tortious Interference With Business Relations

23. PET incorporates by reference Paragraphs 1 through 22 of this Answer.

24. PET denies the allegations contained in Paragraph 24 of the Complaint.

25. PET denies the allegations contained in Paragraph 25 of the Complaint.

26. PET denies the allegations contained in Paragraph 26 and therefore denies the same.

PET denies that Dickson is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

PET preserves the following affirmative defenses herein:

1. Dickson lacks standing under the Declaratory Judgment Act.

2. This Court lacks subject matter jurisdiction over the declaratory judgment action.

3. This Court lacks general personal jurisdiction over PET.

4. This Court lack specific personal jurisdiction over PET with respect to Dickson's claim for declaratory judgment of invalidity or unenforceability.

5. This Court lack specific personal jurisdiction over PET with respect to Dickson's claim for tortious interference with business relation.

6. This Court lacks subject matter jurisdiction over the tortious interference claim.

7. This Court lacks supplemental, pendent or ancillary jurisdiction over the tortious interference claim.

8. This Court lacks diversity jurisdiction over the claims.

9. The Complaint fails to state a cause of action for tortious interference against

PET.

10. The Complaint fails to state a cause of action for declaratory judgment of invalidity or unenforceability.

11. Dickson has failed to name indispensable parties, namely, Sawhorse and Midstate.

12. Dickson has failed to name necessary parties, namely, Sawhorse and Midstate.

13. Dickson has no business relation that can be interfered with by PET's alleged actions.

14. PET's alleged actions are not malicious and wrongful.

15. PET's alleged actions are justified, privileged, and lawful.

WHEREFORE, Defendant PET respectfully demands judgment dismissing the claims of the Amended Complaint, and each Count alleged therein, with prejudice, and awarding Defendant its costs and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems proper.

## COUNTERCLAIM

Defendant-Counter plaintiff PET hereby files a counterclaim against Plaintiff-Counter defendant Dickson and alleges as follows:

## PARTIES

1. Defendant and Counter-plaintiff, PET, is a Florida limited liability company having a principal place of business in Moore Haven, Florida.

2. Plaintiff and Counter-defendant, Dickson, is an Oklahoma corporation with its principal place of business in Tecumseh, Oklahoma.

## JURISDICTION AND VENUE

3. This is an action for infringement of claim 5 of U.S. Patent No, 4,701,069 and it arises under 35 U.S.C. §§ 271(b) and 271©) . This Court has subject matter jurisdiction under

28 U.S.C. 1338(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400, in that Dickson resides and is subject to personal jurisdiction in this Judicial District.

## FACTUAL BACKGROUND

4. PET is the owner by assignment of the '069 patent, which issued on October 20, 1987. A true and correct copy of the '069 patent is attached hereto as Exhibit "A". The '069 patent is presumed valid under 35 U.S.C. § 282.

5. Among other things, Claim 5 of the '069 patent recites a novel method of forming grooves in the surface of the road.

6. The grooves formed according to Claim 5 of the '069 patent are spaced generally parallel to each other and are used along the side of the roadways to provide what are referred to as rumble strips.

7. When driven over, rumble strips cause a vehicle to vibrate, alerting the driver that he is driving his vehicle off the road. Grooves formed according to Claim 5 of the '069 patent also aid in draining rain and other moisture that accumulates on the roadway.

8. Rumble strips are sometimes required by various state transportation departments, including that of Oklahoma, as part of a highway construction of or improvement to provide additional safety to the highway.

9. Dickson manufactures and sells machines that are used for a method of forming grooves in a road surface to make rumble strips.

10. Dickson has sold such products to at least Diversified Concrete Cutting, Inc. and Sawhorse Investments, LLC.

**COUNT I - INFRINGEMENT OF UNITED STATES PATENT NO. 4,701,069**

11. Dickson has been and is actively inducing infringement of the '069 patent and has contributed to its customer's infringement of claim 5 of the '069 patent by selling products,

knowing such machine will be used to practice the method of claim 5 of the '069 patent, and such machine is not adapted to perform substantially non-infringing methods and is not a staple article of commerce.

12.     Upon information and belief, Dickson has known of the '069 patent since approximately its date of issue or thereafter prior to the filing of this Counterclaim but Dickson has pursued its knowing and willful infringement thereof in flagrant disregard of PET's rights thereunder.  PET is entitled to compensation from Dickson for such infringement pursuant to 35 U.S.C. §§ 284 and 285.  Furthermore, PET will suffer future damages unless this Court enjoins Dickson from future infringement of the '069 patent.

## PRAYER

WHEREFORE, PET prays that judgment be entered in its favor against Dickson as follows:

A.     Adjudging that United States Patent No. 4,701,069 and claim 5 thereof is valid and enforceable.

B.     Adjudging that Dickson has contributorily infringed Claim 5 of United States Patent No. 4,701,069.

C.     Adjudging that Dickson has actively induced others to infringe Claim 5 of United States Patent No. 4,701,069.

D.     Ordering PET its damages or reasonable royalties in lieu thereof, plus interest;

E.     Enjoining Dickson from infringing United States Patent No. 4,701,069, or inducing others to infringe or contributing to infringement by others, and from using any process or method covered by this patent; and

F.     Granting such other and further relief as the Court shall deem appropriate.

## THIRD PARTY COMPLAINT

Defendant-third party plaintiff Patent Enforcement Team, LLC. commences this third

party action against third party defendants Sawhorse Investments, LLC and Midstate Traffic Controls, Inc., and alleges as follows:

## PARTIES

1. Third party-plaintiff, PET, is a Florida limited liability company having a principal place of business in Moore Haven, Florida.

2. Upon information and belief, third party defendant, Sawhorse Investments, LLC, is an Oklahoma limited liability company having a place of business in Oklahoma City, Oklahoma.

3. Upon information and belief, third party defendant, Midstate Traffic Controls, Inc. is an Oklahoma for profit business corporation having a place of business in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

4. This is an action for infringement of claim 5 of U.S. Patent No, 4,701,069 and it arises under 35 U.S.C. §§ 271 (a), (b) and 271©) . This Court has subject matter jurisdiction under 28 U.S.C. 1338(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400, in that Sawhorse and Midstate reside in and are subject to personal jurisdiction in this Judicial District.

## FACTUAL BACKGROUND

5. PET is the owner by assignment of the '069 patent, which issued on October 20, 1987. A true and correct copy of the '069 patent is attached hereto as Exhibit "A". The '069 patent is presumed valid under 35 U.S.C. § 282.

6. Among other things, Claim 5 of the '069 patent recites a novel method of forming grooves in the surface of the road.

7. The grooves formed according to Claim 5 of the '069 patent are spaced generally parallel to each other and are used along the side of the roadways to provide what are referred

to as rumble strips.

8.      When driven over, rumble strips cause a vehicle to vibrate, alerting the driver that he is driving his vehicle off the road.  Grooves formed according to Claim 5 of the '069 patent also aid in draining rain and other moisture that accumulates on the roadway.

9.      Rumble strips are sometimes required by various state transportation departments, including that of Oklahoma, as part of a highway construction of or improvement to provide additional safety to the highway.

10.     Upon information and belief, Sawhorse owns and leases a machine especially adapted to practice a method of cutting rumble strips.

11.     Upon information and belief, Midstate leases the machine from Sawhorse and uses the machine to cut rumble strips on the sides of roads, including roads in this Judicial District.

### COUNT I - DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 4,701,069 BY MIDSTATE

12.     PET realleges the allegations of paragraphs 1-11 of this third party complaint.

13.     Midstate's cutting of rumble strips on roads, including roads in this Judicial District constitutes infringement of claim 5 of the '069 patent.

14.     PET is entitled to compensation from Midstate for such infringement pursuant to 35 U.S.C. §§ 284 and 285.  Furthermore, PET will suffer future damages unless this Court enjoins Midstate from future infringement of claim 5 of the '069 patent.


### COUNT II -CONTRIBUTORY INFRINGEMENT OF AND INDUCEMENT TO INFRINGE UNITED STATES PATENT NO. 4,701,069 BY SAWHORSE.

15.     Upon information and belief, Sawhorse has been and is actively inducing infringement of the '069 patent and has contributed to at least Midstate's infringement of claim 5 of the '069 patent by leasing a machine for rumble strip cutting, knowing such machine will be used to practice the method of claim 5 of the '069 patent, and such machine is not adapted

to perform substantially non-infringing methods and is not a staple article of commerce.

16. Upon information and belief, Sawhorse has known of the '069 patent since approximately its date of issue or thereafter prior to the filing of this third party complaint but Sawhorse has pursued its knowing and willful infringement thereof in flagrant disregard of PET's rights thereunder.  PET is entitled to compensation from Sawhorse for such infringement pursuant to 35 U.S.C. §§ 284 and 285.  Furthermore, PET will suffer future damages unless this Court enjoins Sawhorse from future infringement of the '069 patent.

### **PRAYER**

WHEREFORE, PET prays that judgment be entered in its favor against Sawhorse and Midstate as follows:

A. Adjudging that United States Patent No. 4,701,069 and claim 5 thereof is valid and enforceable.

B. Adjudging that Midstate infringed Claim 5 of United States Patent No. 4,701,069.

C. Adjudging that Sawhorse has actively induced infringement by at least Midstate and contributed to infringement by at least Midstate of Claim 5 of United States Patent No. 4,701,069.

D. Ordering PET its damages or reasonable royalties in lieu thereof, plus interest;

E. Enjoining Midstate and Sawhorse from infringing United States Patent No. 4,701,069, or inducing others to infringe or contributing to infringement by others, and from using any process or method covered by this patent; and

F. Granting such other and further relief as the Court shall deem appropriate.

       Respectfully submitted,

       S/JOSEPH W. BAIN
       Joseph W. Bain, Esquire
       Florida Bar No.: 860360
       **AKERMAN SENTERFITT**
       222 Lakeview Avenue, Suite 400
       Post Office Box 3188
       West Palm Beach, Florida 33402-3188
       Phone: (561) 653-5000
       Fax: (561) 659-6313

       **MICHEAL SALEM**   OBA #7876
       *Salem Law Offices*
       111 North Peters, Suite 100
       Norman, Oklahoma 73069-7235
       (405) 366-1234

       Attorneys for Defendant PET

## CERTIFICATE OF SERVICE

**I hereby certify** that on the 14tTH day of MARCH, 2006, I electronically transmitted this document to the Clerk of the United States District Court for the Western District of Oklahoma using the ECF System for filing and transmittal of notice of electronic filing to the following ECF registrants:

**John A. Kenney, Esq.**
**Michael D. McClintock, Esq.**
McAFEE & TAFT
10th Floor, Two Leadership Square
Oklahoma City, Oklahoma 73102

       **MICHEAL SALEM**

```
D:\WP51\PATENT\Answer\PET Answer, Counterclaim, Third Party-1.wpd
```