IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DICKSON INDUSTRIES, INC., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. **CIV-02-467-HE** |
| PATENT ENFORECEMENT TEAM, L.L.C., a Florida limited liability company, | ) ) ) ) | |
| Defendant, | ) ) ) | |
| v. | ) ) | |
| MIDSTATE TRAFFIC CONTROLS, INC., an Oklahoma corporation; and SAWHORSE INVESTMENTS, L.L.C., an Oklahoma limited liability company, | ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## SECOND AMENDED COMPLAINT

The plaintiff, Dickson Industries, Inc. ("Dickson"), for its Second Amended Complaint against the defendant, Patent Enforcement Team, L.L.C. ("Patent Enforcement Team"), alleges and states as follows:

### NATURE OF THIS ACTION

1. This is an action for a declaratory judgment brought pursuant to 28 U.S.C. § 2201 and seeking to have the Court declare the invalidity and unenforceability of United States Patent No. 4,701,069 (the "'069 Patent"), which upon information and belief is owned by Patent Enforcement Team. Further, in addition and in the alternative, this is an action seeking a declaration of non-infringement by Dickson and those using equipment sold by Dickson. Finally, this is an action for recovery for

damages caused by Patent Enforcement Teams' tortious interference with Dickson's business relations.

## PARTIES

2. Dickson is an Oklahoma corporation with its principal place of business in Tecumseh, Oklahoma.

3. Upon information and belief, Patent Enforcement Team is a Florida limited liability company having a principal place of business in Moore Haven, Florida.

## JURISDICTION AND VENUE

4. Dickson manufactured and sold machines to Diversified Concrete Cutting, Inc. ("Diversified"), which were delivered in Tecumseh, Oklahoma. Dickson also sold a machine to Sawhorse Investments, LLC to be leased to Midstate Traffic Controls, Inc. ("Midstate"), which was delivered in Oklahoma City, Oklahoma. Patent Enforcement Team has alleged that the manufacture, sale and use of those machines infringes Claim 5 of the '069 Patent.

5. Upon information and belief, Patent Enforcement Team has licensed Thomas Grinding, Inc. to use the methods of Claim 5 of the '069 Patent in the manufacture and sale of equipment that use the methods of Claim 5 of the '069 Patent.

6. Upon information and belief, Thomas Grinding, Inc. has bid and performed work in Oklahoma for grinding rumble strips and utilizing the equipment that uses the methods of Claim 5 of the '069 Patent.

7. Upon information and belief, members of Patent Enforcement Team, acting in concert with one another, will or have benefited from the profits of Thomas Grinding, Inc, the revenue generated by Thomas Grinding, Inc. from jobs performed in Oklahoma, and the licensure to Thomas Grinding, Inc. of the methods of Claim 5 of the '069 Patent.

8. Upon information and belief, Patent Enforcement Team took an assignment of an invalid patent, failed to properly investigate prior art and the scope of

the patent, and negligently or intentionally made threats to and filed a lawsuit against Dickson's customers.

9. Patent Enforcement Team has filed a patent infringement lawsuit against Diversified in the United States District Court for the District of Arizona, claiming that Diversified's use of the machines purchased from Dickson constitutes infringement of the '069 Patent.

10. Upon information and belief, Patent Enforcement Team sent or caused to be sent correspondence to Midstate, in Oklahoma City, Oklahoma, informing it of the '069 Patent and seeking to license the '069 Patent to Midstate. Glen Thomas, a representative of Patent Enforcement Team, in telephone discussions, informed Midstate that use of the machines manufactured by and purchased from Dickson constitutes infringement of Claim 5 of the '069 Patent. Further, Patent Enforcement Team attempted to negotiate the sale of a license for the '069 Patent to Midstate, which Patent Enforcement Team represented was necessary for Midstate's use of the machine manufactured by and purchased from Dickson. Upon information and belief, Patent Enforcement Team caused sales information concerning the sale of a machine covered by a license for the '069 Patent to be sent to Midstate.

11. Patent Enforcement Team has also directed communications to counsel for Dickson, located in Oklahoma City, Oklahoma concerning these same matters and threatened litigation involving Dickson and Dickson's two customers, Diversified and Midstate.

12. The actions of Patent Enforcement Team – including the threats of litigation and efforts to negotiate a license for what Dickson believes to be an invalid, unenforceable patent, and limited in scope such that there has been no infringement – have caused Midstate to curtail use of Dickson equipment within this jurisdiction, and further caused Midstate to assert damages against Dickson related to this loss of use of the equipment.

1973694_1.DOC

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201(a) and 2202 related to federal declaratory judgments, and 28 U.S.C. § 1367 as to those state law claims that are set forth and so related that they form a part of the same case or controversy.

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## ACTION FOR DECLARATORY JUDGMENT

15. Dickson realleges and incorporates herein each proceeding paragraph of this Complaint.

16. Dickson manufactured and sold a machine that can be used to cut grooves for rumble strips on the shoulder of a roadway. Midstate leased and has operated that machine to cut grooves on the shoulder of roadways for rumble strips. Patent Enforcement Team threatened and then filed suit for infringement of Claim 5 of the '069 Patent.

17. In addition, Patent Enforcement Team filed suit against Diversified and alleged that company has infringed Claim 5 of the '069 Patent by use of a similar machine that is manufactured by Dickson to cut rumble strip grooves. This lawsuit was subsequently dismissed upon the agreement of the parties that they would be bound by any and all findings and conclusions in this lawsuit.

18. Based upon the foregoing, there is a genuine case of actual controversy between the parties and there presently exists between Dickson and Patent Enforcement Team a substantial, actual and continuing controversy as to the validity and scope of the '069 Patent and, in particular, as to Claim 5 thereof.

19. During the years 1982 and 1983, Swanston Equipment Company employed a method of cutting grooves. Upon information and belief this method was know by the inventor. The inventor also observed evidence of the use of a method of cutting grooves or rumble strips in Florida prior to the filing of the '069 patent

application. The method of Claim 5 was also disclosed in whole or in part in other prior art more than one year prior to the filing of the '069 patent application.

20. A re-examination of the '069 Patent occurred. In the reexamination, the owner of the '069 Patent made material misrepresentations or omissions, and failed to disclose prior art and other material information, that the inventor and/or the owner was or should have been aware of and that, if presented and disclosed to the United States Patent and Trademark Office/Examining attorney, would have been material to patentability.

21. The method described in Claim 5 of the '069 Patent was, upon information and belief, invented by one other than the named inventor and was in public use in the United States more than one year prior to the date of the filing of the '069 Patent application. The '069 Patent is therefore invalid and unenforceable under the provisions of 35 U.S.C. § 102.

22. The method described in Claim 5 of the '069 Patent would have been obvious at the time of the invention to a person having ordinary skill in the art as to the subject matter which it pertains, and the '069 Patent is invalid and unenforceable under 35 U.S.C. § 103.

23. The method described in Claim 5 of the '069 Patent is further invalid and unenforceable by virtue of 35 U.S.C. § 112.

24. Upon information and belief, the inventor of the '069 patent and/or his attorneys, employees and agents, has made material misrepresentations or omissions, including the failure to disclose known prior art, with the intent to deceive, and/or has otherwise taken certain positions before the United States Patent and Trademark Office during the proceedings that resulted in the issuance of the '069 patent, that result in the patent being invalid and/or unenforceable and that estop and preclude P.E.T. from contending that Dickson has infringed any claim of the '069 Patent.

25. Upon information and belief, PET and/or its attorneys, employees and agents, made material misrepresentations or omissions, and failed to disclose prior art and other material information, that they knew or should have known of, with the intent to deceive, and/or have otherwise taken certain positions before the United States Patent and Trademark Office during reexamination proceedings that constitute inequitable conduct and that resulted in the issuance of additional claims to, and a reexamination certificate for, the '069 Patent, which render the '069 Patent invalid and/or unenforceable by PET.

26. In addition and in the alternative, to the extent that Claim 5 of the '069 Patent is not invalid and unenforceable, the scope of Claim 5 is limited to the road (which is that portion of the roadway designed or ordinarily used for travel which does not include the shoulder) so that there has been no infringement of Claim 5 of the '069 Patent.

27. This is an exceptional case pursuant to 35 U.S.C. § 285, and Dickson is entitled to recover the costs and reasonable attorneys' fees incurred herein.

WHEREFORE Dickson requests that the Court enter a judgment in its favor declaring that the '069 Patent is invalid and unenforceable and awarding Dickson its costs, expenses and attorneys' fees and such other and further relief as it may be justly entitled. In addition and in the alternative, Dickson requests that the Court enter a judgment in its favor declaring that operation of the Dickson machines owned by Midstate and Diversified does not infringe Claim 5 of the '069 Patent.

## ACTION FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

28. Dickson realleges and incorporates herein each proceeding paragraph of this Complaint.

29. The actions of Patent Enforcement Team and directed at Dickson's customers constitute intentional interference with Dickson's business relations.

30. Upon information and belief, Patent Enforcement Team's interference was malicious, wrongful, and was neither justified, privileged nor excusable.

31. As a result of Patent Enforcement Team's interference, Dickson has been damaged.

WHEREFORE, Dickson requests that the Court enter judgment in its favor for the damages sustained as a result of the aforesaid conduct in an amount to be proven at trial, including punitive damages, together with interest and costs, reasonable attorneys' fees, and for such other and further relief as Dickson may be justly entitled.

## JURY DEMAND

Plaintiff hereby respectfully requests a trial by jury.

Respectfully submitted this _____ day of **December, 2006.**

John A. Kenney, OBA #4976
Michael D. McClintock, OBA #18105
McAfee & Taft
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102-7103
405/235-9621
405/235-0439 (Fax)
john.kenney@mcafeetaft.com
michael.mcclintock@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF
DICKSON INDUSTRIES, INC.**

1973694_1.DOC

## CERTIFICATE OF SERVICE

     I hereby certify that on this _____ day of **December, 2006**, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Joseph W. Bain
Akerman Senterfitt & Edison
222 Lakeview Avenue, 4th Floor
West Palm Beach, FL 33401

Michael Salem
Salem Law Offices
111 N. Peters, Suite 100
Norman, OK 73069-7235

David A. Cheek
Robert C. Thompson
Cheek & Gelner
6301 Waterford Blvd., Suite 320
Oklahoma City, OK 73118-1157

_____