## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

DICKSON INDUSTRIES, INC.,

                              Plaintiff,

v.                                                          Case No.  CIV-02-467-HE

PATENT ENFORCEMENT TEAM,
L.L.C.,

        Defendant and Third-Party Plaintiff,

v.

MIDSTATE TRAFFIC CONTROLS,
INC. and SAWHORSE INVESTMENTS,
L.L.C.

                Third-Party Defendants.

## PROPOSED JURY INSTRUCTIONS OF THIRD-PARTY DEFENDANTS, MIDSTATE TRAFFIC CONTROL AND SAWHORSE INVESTMENTS

COME NOW the Third-Party Defendants, Midstate Traffic Control, Inc. and Sawhorse Investments, L.L.C., and pursuant to the Court's Scheduling Order, present their Proposed Jury Instructions attached hereto.  Third-Party Defendants also adopt and incorporate herein by reference the Proposed Jury Instructions submitted by Dickson Industries, Inc., with the exception of Dickson's Proposed Jury Instructions regarding its claims for tortious interference with business relations.  In addition to the instructions attached, the Third-Party Defendants request Oklahoma Uniform Jury Instructions Numbered:  1.1 through 1.11; 2.2; 3.1 through 3.4; 3.13, and 3.21.

Respectfully submitted,


  s/ DAVID A. CHEEK
                    DAVID A. CHEEK, OBA #1638
                    CHEEK & FALCONE, PLLC
                    6301 Waterford Boulevard, Suite 320
                    Oklahoma City, Oklahoma  73118-1157
                    Telephone:      405/286-9191
                    Facsimile:      405/286-9670
                    E-mail:         dcheek@cheekfalcone.com

                    Attorney for Third-Party Defendants,
                    Midstate Traffic Control, Inc. and
                     Sawhorse Investments, L.L.C.


### CERTIFICATE OF SERVICE

☑        I hereby certify that on the 15th day of June, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    John A. Kenney – john.kenney@mcafeetaft.com
    Michael D. McClintock – michael.mcclintock@mcafeetaft.com
    Anthony L. Rahhal – Anthony.rahhal@mcafeetaft.com
    Joseph W. Bain – joseph.bain@akerman.com
    Micheal C. Salem – msalem@msalemlaw.com


                       s/ DAVID A. CHEEK


**S:\10119.003\PLEA\(6592).DOC**

## MIDSTATE PROPOSED JURY INSTRUCTION NO. 1

You are instructed that if you find that Midstate and Sawhorse infringed upon Claim 5 of the '069 held by PET, then you may award PET a reasonable royalty for the use made of the '069 patent by Midstate and Sawhorse. *35 U.S.C. §284.*

You are further instructed that if you find that Midstate and Sawhorse infringed upon Claim 5 of the '069 patent, then you may award PET only a single reasonable royalty for the use you find Midstate and Sawhorse made of the patent.

You are further instructed that any reasonable royalty which you find Midstate/Sawhorse (collectively) owe PET must be based upon the facts and circumstances of this case as determined by you from the evidence submitted. *35 U.S.C. §284.*

You are further instructed that any reasonable royalty which you determine Midstate/Sawhorse owes PET must be determined using the following criteria:

1.      It must be reasonable given the particular facts and circumstances of this case; *35 U.S.C. § 284.*

2.      It must be compensatory to PET, but not punitive to Midstate/Sawhorse; *Riles v. Shell Exploration & Prod. Co., 289 F.3d 1302, 1312 (Fed. Cir. 2002).*

3.      It must be calculated solely from the evidence submitted, and not upon speculation or conjecture; *Integra Lifesciences I, Ltd. v.The Burnham Institute, 2004 U.S. Dist. LEXIS 20725, at \*21 (S.D. Cal. Sept. 7, 2004).*

4.      It must be calculated on the basis of what you ascertain would be the result of a hypothetical negotiation between PET and Midstate at the time the infringement began; *Riles v. Shell at 1311-1313;*

5.      It must be calculated based on your determination from the evidence of what PET and Midstate would have considered to be fair at the time they conducted their hypothetical negotiation;  *Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d at 1081.*

6.      It must allow for Midstate to make a reasonable profit on its use of the '069 patent after it pays the royalty to PET;  *Georgia Pacific v. U.S. Plywood at 1122.*

7.      It must be based upon the market conditions and the facts that existed at the time of the infringement, and not on hindsight;  *St. Clair v. Canon, Inc., 2004 U.S. Dist. LEXIS 19475, at *6-7 (D.C. Del. Sept. 28, 2004).*

8.      It must be calculated starting from the date that you determine from the evidence that Midstate/Sawhorse's infringement began.  *Id.;* This is the date in the past when PET and Midstate would have conducted their hypothetical negotiation; *Riles v. Shell at 1313.*

9.      You must assume for the purposes of the hypothetical negotiation that PET and Midstate would have known all relevant information;  *St. Clair v. Canon at *7-8 (citing Georgia Pacific, 318 F. Supp. 116, 1121 (S.D.N.Y. 1970).*

10.     You should give considerable weight to PET's prior agreements with other patent infringers under similar circumstances when determining any reasonable royalty you believe is owed by Midstate/Sawhorse to PET.  *Unisplay, S.A. v. American Elec. Sign Co., 69 F.3d 512, at 519, 36 U.S.P.Q.2d (BNA) 1540 (Fed. Cir. 1995).*

## <u>MIDSTATE PROPOSED JURY INSTRUCTION NO. 2</u>

You are instructed that if you find that Midstate/Sawhorse infringed upon Claim 5 of the '069 patent held by Patent Enforcement Team, L.L.C. (hereafter "PET"), then you must determine whether or not Midstate/Sawhorse willfully infringed upon Claim 5 of the '069 patent.

In order for you to find that Midstate/Sawhorse willfully infringed upon Claim 5 of the '069 patent, you must first find that PET proved by clear and convincing evidence that Midstate/Sawhorse acted willfully.

The test for finding willful infringement is whether Midstate/Sawhorse, under all the circumstances, acted in good faith, exercised due care and diligence, and had sound reason to believe that it had the right to act as it did, with the belief that the patent was not being infringed, or that the patent was invalid or unenforceable, and that a court might so hold if the issue were to be litigated. *SRI International, Inc. v. Advanced Technology Laboratories, Inc., 127 F.3d 1462, at 1464-65, 44 U.S.P.Q.2d (BNA) 1422 (Fed. Cir. 1997); Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co., 2007 U.S. Dist. LEXIS 9191, at \*30-31 (N.D. OH. 2007); Ryco, Inc. v. Ag-Bag Corp., 857 F.2d 1418, 1428, 8 U.S.P.Q.2d (BNA) 1323 (Fed. Cir. 1988).*

You are further instructed that Midstate/Sawhorse's duty of due care to avoid infringement upon Claim 5 of the '069 patent did not arise until after the time you find that Midstate/Sawhorse received actual notice from PET that its actions infringed upon claim 5 of the '069 patent. *Cequent Trailer Products at \*31; Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90, 219 U.S.P.Q. (BNA) 569 (Fed. Cir. 1983).*

You are further instructed that "the duty of due care" normally requires that one who receives actual notice of its potentially infringing conduct obtain the advice of competent legal counsel before infringing or continuing with its potentially infringing activities. *Ryco, Inc. v. Ag-*

*Bag Corp., 857 F.2d 1418, 1428, 8 U.S.P.Q.2d (BNA) 1323 (Fed. Cir. 1988).* If you find that Midstate/Sawhorse obtained and relied upon the advice of legal counsel, then you must also find that under the totality of the circumstances, the legal advice contained therein was competent such that Midstate/Sawhorse was reasonable in relying upon it. *Comark Comm. Inc. v. Harris Corp., 156 F.3d 1182, 1191, 48 U.S.P.Q.2d (BNA) 1001 (Fed. Cir. 1998).*

You are further instructed that if you find Midstate/Sawhorse failed to obtain the advice of legal counsel before continuing with its potentially infringing conduct, this does not require that you find Midstate/Sawhorse willfully infringed upon Claim 5 of the '069 patent. *Endress & Hauser, Inc. v. Hawk, 892 F. Supp.1123, 1133.*

You are further instructed that when determining whether or not Midstate/Sawhorse willfully infringed upon Claim 5 of the "069 patent, you may consider the following factors:

1.      The closeness or complexity of the legal and factual questions presented in this case; *Cequent Trailers, 2007 U.S. Dist LEXIS 9191, at \*31;*

2.      The commercial factors that may have affected Midstate/Sawhorse's actions. *Id.;*

You are further instructed that in determining whether or not Midstate/Sawhorse willfully infringed upon Claim 5 of the '069 patent, you may consider any other mitigating factors which you find were presented as evidence, including the following:

1.      Whether Midstate/Sawhorse made any attempt to avoid using the patent; *Id.* and;

2.      Any other factor tending to show good faith on the part of Midstate/Sawhorse. *Id.*

If you find Midstate/Sawhorse had an honest doubt or was honestly mistaken concerning the validity of PET's patent claim, then you are precluded from finding that Midstate/Sawhorse willfully infringed upon the patent. *Endress & Hauser v. Hawk at 1133; Eltra Corp. v. Basic,*

*Inc.*, 599 F.2d 745, 757-58, 202 U.S.P.Q. (BNA) 630 (6th Cir. 1979), *cert. denied*, 444 U.S. 942,

100 S. Ct. 297, 62 L. Ed. 2d 308 (1979).