## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DICKSON INDUSTRIES, INC**., <br> an Oklahoma corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | **CASE NO. CIV-02-467-HE** |
| **PATENT ENFORCEMENT TEAM, L.L.C.**, <br> a Florida limited liability company, | ) <br> ) <br> ) | |
| Defendant, | ) <br> ) | |
| vs. | ) <br> ) | |
| **MIDSTATE TRAFFIC CONTROLS, INC**., <br> an Oklahoma corporation, | ) <br> ) <br> ) | |
| and | ) <br> ) | |
| **SAWHORSE INVESTMENTS, L.L.C.**, <br> an Oklahoma limited liability company, | ) <br> ) <br> ) | |
| Third-party defendants. | ) | |

**DEFENDANT PATENT ENFORCEMENT TEAM, LLC'S MOTION IN LIMINE NO. 1
TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO REEXAM-BASED
FRAUD ON THE PATENT OFFICE AND MEMORANDUM OF LAW IN SUPPORT**

## I.    OVERVIEW

Defendant Patent Enforcement Team, LLC ("PET") files this Motion in Limine to

exclude from trial all evidence and argument relating to alleged fraud on the United States Patent

and Trademark Office (the "Patent Office") during the re-examination of the U.S. Patent No.

4,701,069 (the "`069 Patent").  PET also seeks to preclude Dickson as well as Third Party

Defendants Midstate Traffic Control, Inc. ("Midstate") and Sawhorse Investments, L.L.C.

("Sawhorse") from calling PET's lead trial counsel Joe Bain ("Counsel Bain") as a witness at trial

on this issue.  Any argument or evidence on the alleged fraud during the re-examination of the

`069 Patent are inadmissible because (a) fraud on the Patent Office has not been pleaded in the

instant case and is not before this Court,  (b) Dicksons' request for leave to amend the complaint

was not granted, and, thus, (c) the argument and evidence are irrelevant.

## II.    FACTUAL BACKGROUND

On December 28, 2006, this Court entered the Order [DE #108] denying Dickson's

motion to amend its pleadings to include allegations that PET and/or its attorneys made material

misrepresentations or omissions and failed to disclose prior art and other material information to

the Patent Office during the re-examination, with the intent to deceive.  This Court ruled that

allowing Dickson to add claims or defenses at such a late stage in the case was inconsistent with

the scheduling order and would involve an adjustment to the anticipated disposition of the case.

Because fraud upon the Patent Office is not before this Court, any argument or evidence on this

issue should be excluded during the trial and any attempt to call Counsel Bain as a witness

regarding the activities during the re-examination of the `069 Patent should be excluded or

prohibited.

PET is the owner of the `069 Patent.  Among other things, claim 5 of the `069 Patent

recites a novel method of forming grooves in a road surface.  These grooves can help drain rain

from the road and/or can act as rumble strips, which generate noise and vehicle vibration when

the wheels of an automobile pass over them to thereby appraise the driver that the vehicle is

either to be slowed down or that the vehicle is not in a proper lane or not in a proper portion of

the road.  The '069 Patent at col. 1, lines 6-24.  Dickson manufactures machines that cuts rumble

strips.  Third-Party Defendant Sawhorse purchased a rumble-strip cutting machine from

Dickson.  Sawhorse leased the machine to Midstate, who used the machine to cut rumble strips.

Dickson filed this action against PET over **five** years ago, on April 10, 2002.  Both the

original Complaint and the First Amended Complaint, filed on May 23, 2002, stated claims for

declaratory judgment of patent invalidity and non-infringement.  The First Amended Complaint

added a claim for tortious interference with business relations under Oklahoma state law.

However, neither pleading presented claims for the unenforceability of the `069 Patent due to

any actions by PET or its counsel in any proceeding before the Patent Office.  From January

2003 until January 2006, the case was stayed pending the outcome of the re-examination of the

`069 Patent by the Patent Office.  The re-examination was completed in October 2005 and

resulted in a confirmation of the patentability of claim 5 of the `069 Patent.  Dickson was aware

of this for over a year and was aware that its Complaint and First Amended Complaint did not

contain any counts for unenforceability of the `069 Patent due to alleged fraud, but Dickson

failed to amend its pleadings to include such a claim.

The parties filed a Joint Status Report and Discovery Plan on February 26, 2006.  [DE

#108].  In that report, Plaintiff Dickson stated that it anticipated seeking leave to file an amended

complaint to "add pleadings directed to Claim 14 obtained in the re-exam."  On March 26, 2006,

Plaintiff filed its First Amended Answer and Reply to PET's First Amended Counterclaim.  The

defenses then raised by Plaintiff (five months after conclusion of the re-examination) do not

mention the re-examination proceedings.

Plaintiff deposed the inventor of the `069 Patent on April 12, 2006.  The parties then

prepared Markman briefs, and PET answered Dickson's Request for Production and

Interrogatories on August 4, 2006.  The *Markman* hearing was held September 18, 2006, and the

Court's Order was issued on October 13, 2006 [DE # 94]. Upon Court order, the parties submitted a Proposed Joint Scheduling Order on October 27, 2006 [DE # 95]. The Court entered a Scheduling Order on October 30, 2006, placing this matter on the May 2007 trial docket [DE # 96].

On the very last day for amendments under the Scheduling Order, Dickson filed its Motion for Leave to File Second Amended Complaint and Second Amended Answer/Reply to Defendant's Counterclaims [DE # 98]. Both in the proposed Second Amended Complaint and in the proposed Second Amended Answer/Reply, Dickson alleged for the first time that PET and/or its attorneys made material misrepresentations or omissions and failed to disclose prior art and other material information to the Patent Office with the intent to deceive. Dickson alleged that the PET misrepresentations or omissions resulted in the issuance of the '069 Patent and the re-examination certificate for the '069 Patent.

On December 28, 2006, this Court entered the Order denying Dickson's Motion for Leave to File Second Amended Complaint and Second Amended Answer/Reply to Defendant's Counterclaims [DE #108]. In that Order, this Court ruled that "[t]he amendment of pleadings to add claims or defenses at this stage is inconsistent with the scheduling order suggested by the parties and permitting the amendments sought by plaintiff [Doc. #98] and third party defendant [Doc. # 97] would necessarily involve an adjustment, and perhaps a substantial adjustment, to the anticipated and scheduled disposition of this case." *See* [DE # 108].

On February 21, 2007, Dickson served Counsel Bain with a subpoena for Counsel Bain's deposition and filed its Notice of Deposition [Doc. # 125] on February 22, 2007. Counsel for Dickson has asserted that it is necessary to engage in the extraordinary step of deposing Counsel Bain because counsel for Dickson must inquire what prior art was "not provided to the examiner

at the time of the re-examination" and whether Counsel Bain had any information from the inventor regarding prior art that was not provided or disclosed at the time the inventor filed his patent application.  Although the discovery period has ended and Dickson has not taken the deposition of Counsel Bain, PET believes that Dickson may attempt to call Counsel Bain as a witness during trial.  Any attempt by Dickson to call Counsel Bain is either an attempt to embarrass counsel and PET in front of the jury, or is simply another attempt to re-allege the fraud and misrepresentation arguments contained in Dickson's Motion for Leave to File Second Amended Complaint and Second Amended Answer/Reply to Defendant's Counterclaims [Doc. # 98], which this Court rejected in its December 28, 2006 Order [Doc. # 108].  Any Testimony from Counsel Bain is thus irrelevant to the disposition of this case, and any attempt by Counsel to assert privilege would be highly prejudicial to PET.

**III.    ARGUMENT**

Any claims related to the unenforceability of the '069 Patent due to alleged material misrepresentations or omissions and the failure to disclose prior art and other material information to the Patent Office during the re-examination are not before this Court.  Dickson's belated attempt to interject that theory was rejected by this Court.  Thus, the Court should preclude Dickson (as well as Midstate and Sawhorse) from presenting argument or evidence regarding fraud upon the Patent Office during the re-examination.  This Court should also prevent Dickson from calling Counsel Bain as witnesses during the trial.

   **A.    Claims for Fraud on the Patent Office are Barred by the Law
          of the Case and are Not Relevant.**

Neither the Complaint nor the First Amended Complaint include or embrace any allegations of fraud upon the Patent Office during the re-examination.  When Dickson sought to add these claims in its Motion for Leave to File Second Amended Complaint and Second

Amended Answer/Reply to Defendant's Counterclaims, this Court made a definitive ruling denying precluding Dickson from injecting the issue of fraud on the Patent Office into the instant case, and expressly stated that such amendments would affect the anticipated and scheduled disposition of the case.  This Court's ruling in the December 28, 2006 Order, precluding Dickson from amending its pleadings to allege fraud upon the Patent Office during the re-examination, is the law of the case, and that ruling should continue to govern any attempts by Dickson to present allegations or statements at trial alleging fraud on the Patent Office.  *See Arizona v. California*, 460 U.S. 605, 618 (U.S. 1983) (noting that the "law of the case" doctrine provides "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case;" *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818 (10th Cir. 2007)(same)).  Because fraud upon the Patent Office is not before this Court, any mention of fraud on the Patent Office during trial would be irrelevant to the disposition of the case.  Therefore, any such evidence and arguments to that end should by excluded by this Court pursuant to Rule 402, Federal Rules of Evidence.  Moreover, because the word "fraud" (or "inequitable conduct") are without any doubt inflammatory to a lay juror, any argument or evidence would be unfairly prejudicial, confusing, or misleading to the jury and should be excluded by this Court pursuant to Rule 403, Federal Rules of Evidence.

Therefore, this Court should preclude any argument or evidence relating to fraud upon the Patent Office during the re-examination.

### B.     This Court Should Preclude Dickson From Calling Counsel Bain as a Witness During Trial

PET believes that Dickson will attempt to call Counsel Bain as a witness during the trial, either during Dickson's case in chief or as a purported impeachment or rebuttal witness.  Counsel Bain's testimony is not relevant to any issue before this Court and requiring Counsel Bain to

testify, and presumably, be disqualified as counsel, would be highly prejudicial to PET.  This

Court should preclude Dickson from calling Counsel Bain or any other of PET's attorneys, as a

witness at trial and should be precluded from even suggesting the same to the jury.

A district court has discretion to deny a party's request to call opposing counsel and may

deny such request if it appears that opposing counsel does not possess vital information.  *United

States v. Troutman*, 814 F. 2d 1428, 1439-40 (10th Cir. 1987) (citation omitted) (affirming the

district court's denial of defendant's motion to disqualify prosecutor because prosecutor and his

staff were not vital to defendant's defense).  *See also United States v. Wooten*, 377 F. 3d 1134,

1141 (10th Cir. 2004)(stating that the circuit court reviews the district court's exclusion of

evidence for an abuse of discretion).

Oklahoma Rule of Professional Responsibility 3.7, which this Court has adopted by local

rule, precludes a lawyer from acting as an advocate in a trial when that lawyer is likely to be a

necessary witness, except where the testimony relates to an uncontested issue; the testimony

relates to the nature and value of legal services rendered in the case; or disqualification of the

lawyer would work a substantial hardship on the client.  Oklahoma Rule of Professional

Responsibility 1.7 precludes a lawyer from representing a client if the representation of that

client may be materially limited by the lawyer's responsibilities to another client, to a third

person, or by the lawyer's own interests.  Legal Ethics Opinion Number 265 provides that it is

unethical for an attorney to unite the character of counsel and witness in the same case except as

to uncontested or purely formal matters.

Except when it is absolutely essential, the role of advocate and witness should be kept

separate and a lawyer participating in a case should not be called to testify as a witness unless all

other sources of possible testimony have been exhausted.  *See United States v. West*, 680 F.2d

652, 654 (9th Cir. 1982)(holding that in a criminal case, a United States Attorney who participates in a case should not be called as a witness "'unless all other sources of possible testimony have been exhausted'") quoting United States v. Torres, 503 F.2d 1120, 1126 (2d Cir. 1974); United States v. Armedo-Sarmiento, 545 F.2d 785, 793 (2d Cir. 1976) cert. denied 97 S.Ct. 1331 (1977) (noting that except where absolutely essential, a lawyer participating in a case should not be called to testify); Robinson v. United States, 32 F.2d 505, 510 (8th Cir. 1929) (holding that a prosecutor should have withdrawn from his active role in prosecuting the case after becoming a necessary witness, and stating that a prosecutor should not act as a witness except under the most extraordinary circumstances); Cavaness v. State, 581 P.2d 475, 478 (Okla. Crim. App. 1978) cert. denied 99 S.Ct. 1024 (stating the "role of the advocate and witness should be kept separated, and an advocate should be called as a witness only in circumstances of the utmost necessity").

A party has a substantial interest in preventing its lawyers from testifying because permitting a lawyer to testify generally requires disqualification of the testifying lawyer. See Wooten, supra at 1142. In Wooten, the defendant sought to call the prosecutor of the case to question the prosecutor about his decision not prosecute an earlier incident involving the defendant. The district court allowed the prosecutor the choice of being called as a witness and being excused as counsel, or alternatively having relevant discovery material admitted regarding the prosecutor's decision not to prosecute the prior incident. On appeal, the defendant asserted that the district court erred by not allowing him to call the prosecutor as a witness.

The United States Court of Appeals for the Tenth Circuit affirmed the trial court's ruling denying the defendant's request to call the prosecutor as a witness and held that the government had a substantial interest in not allowing its prosecutors to testify because doing so would

generally require the disqualification of the prosecutor.  *Wooten*, *supra* at 1142.  The *Wooten*
Court noted that the district court judge had stated that he would not have allowed the prosecutor
to proceed as prosecutor if he had elected to testify, and further noted that such disqualification
would be "tremendously inefficient" and would be disruptive to the prosecution of the case.  *Id*.
The *Wooten* Court balanced the extreme hardship disqualification of the government's lead
counsel at such late stage of the case with the minimal interest that the defendant had in having
the prosecutor testify.  *Id*.

In the instant case, Counsel Bain's testimony is irrelevant.  There is no count before this
Court alleging the unenforceability of the `069 Patent due to fraud by misrepresentations or
omissions relating to prior art.  This Court expressly denied Dickson's attempt to further amend
its complaint to include such allegations or to add such counts.  Any efforts by Dickson to call
Counsel Bain as a witness regarding whether or not prior art was provided to the Patent Office
during the re-examination are simply a final attempt to insert the issue of unenforceability of the
`069 Patent for fraud into this case, when such issue has not been pleaded and this Court has
specifically denied Dickson's attempt to amend its pleadings to include such count.

Dickson had ample time to amend its pleadings to add counts for the unenforceability of
the `069 Patent due to fraud.  Dickson failed to timely amend its pleadings.  Accordingly, this
Court should preclude Dickson from calling PET's lead counsel as a witness at trial, necessitating
the disqualification of Counsel Bain from participation in the trial.  If this Court allows Dickson
to make the prior art provided during the re-examination an issue in the trial <u>and call Counsel</u>
<u>Bain</u>, disqualification of Counsel Bain would arguably be required pursuant to case law and the
Oklahoma Rules of Professional Responsibility, resulting in a further delay in the disposition of
this case.

As in *Wooten*, the extreme hardship that would be imposed on PET as a result of Counsel Bain's disqualification as lead counsel at this stage in the trial far outweighs Dickson's minimal interest in calling Counsel Bain as a witness to testify on an issue that is irrelevant and not before this Court.

Therefore, this Court should preclude Dickson from calling Counsel Bain as a witness during the trial, either during Dickson's case in chief or as a purported impeachment or rebuttal witness.

## IV.    CONCLUSION

For the foregoing reasons, PET respectfully requests that this Court enter an order precluding any argument, discussion or evidence relating to alleged fraud or inequitable conduct at the Patent Office during the re-examination of the `069 Patent, and from any argument, discussion or calling Counsel Bain to testify at trial regarding prior art presented to the Patent Office during the re-examination of the `069 Patent.  Further, to the extent that PET's Motion in Limine No. 1 is granted in whole or in part, the Court should require counsel to advise their clients and witnesses of the Court's decision.

Dated this 15th DAY of JUNE 2007.

Respectfully submitted,

Joseph W. Bain
Jerold I. Schneider
Mark M. Zylka
AKERMAN SENTERFITT
222 Lakeview Avenue, 4th Floor
West Palm Beach, FL 33401-6183
Telephone: (561) 653-5000
Facsimile:  (561) 659-6313

s/Micheal Salem
**MICHEAL SALEM**   OBA #7876
*Salem Law Offices*
111 North Peters, Suite 100
Norman, Oklahoma  73069-7235
(405) 366-1234
(405) 366-8329  TELEFAX

*Attorneys for Defendant*
*PATENT ENFORCEMENT TEAM, LLC*

## CERTIFICATE OF SERVICE

**I hereby certify** that I electronically transmitted this document to the Clerk of the United States District Court for the Western District of Oklahoma using the ECF System for filing and transmittal of notice of electronic filing to the following ECF registrants:

**John A. Kenney, Esq.**
**Michael D. McClintock, Esq.**
McAfee & Taft PC
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103

**David A. Cheek**
Cheek & Gelnar, P.L.L.C.
6301 Waterford Blvd., Suite 320
Oklahoma City, OK 73118-1157

this 15th DAY of JUNE 2007.

s/Micheal Salem
**MICHEAL SALEM**

{WP405821;2}