## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DICKSON INDUSTRIES, INC.,   )
an Oklahoma corporation,     )
                             )
     Plaintiff,           )
                             )
v.                           )    Case No. **CIV-02-467-HE**
                             )
PATENT ENFORCEMENT TEAM,     )
L.L.C., a Florida limited liability company,   )
                             )
     Defendant,           )
                             )
v.                           )
                             )
MIDSTATE TRAFFIC CONTROLS, INC.,   )
an Oklahoma corporation; and   )
SAWHORSE INVESTMENTS, L.L.C., an   )
Oklahoma limited liability company,   )
                             )
     Third-Party Defendants.   )

## TRIAL BRIEF OF DICKSON INDUSTRIES, INC.

COMES NOW Dickson Industries, Inc. ("Dickson") and submits the following:

### I.
### PROOF UNDER THE DOCTRINE OF EQUIVALENTS
### IS NOT AVAILABLE TO PATENT ENFORCEMENT TEAM
### SINCE IT IS BARRED AS A MATTER OF LAW

The Court's ruling on Dickson's Motion for Partial Summary Judgment [doc. #117] did not specifically address the availability of the doctrine of equivalents to the defendant, Patent Enforcement Team ("PET"). Dickson contends that as a matter of law it is not available as a theory of recovery. *See Planet Bingo, LLC v. Gametech*

*International, Inc.*, 472 F.3d 1338 (Fed. Cir. 2006), addresses an analogous fact situation.

In *Planet Bingo*, the Court at page 1334 stated:

> The Supreme court emphasizes that the doctrine of equivalents must not expand to eliminate a claim element entirely. *Warner-Jenkinson v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). The doctrine does provide additional coverage for the exclusive right to protect a patent holder **in the event of an unforeseeable change**. *Sage Prods.,* 126 F.3d at 1425 ("However, **as between the patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claimed structure**… [T]he alternative rule-allowing broad play for the doctrine of equivalents to encompass foreseeable variations, not just of a claim element, but of a patent claim-also leads to higher costs.")  (citation omitted).   Here, the patents contain a distinct limitation, which was part of the bargain when the patent issued.  This court cannot overlook that limitation or expand the doctrine of equivalents beyond its purpose to allow recapture of subject matter excluded by a deliberate and foreseeable claim drafting decision.

This analysis is directly applicable in the present case.   The inventor, Mr. Whitney, intended that his patent claims not apply to rumble strips cut on the shoulder because he had seen rumble strips cut in a continuous manner on the shoulder in Florida prior to his invention and more than one year prior to the date of the filing of the patent application.   As discussed in *Planet Bingo*, Mr. Whitney had a clear opportunity to negotiate broader coverage to include the shoulder and chose not to do so for reasons related to known prior art.   To expand the coverage to the shoulder was not an unforeseeable change (so as to be properly encompassed under the doctrine of equivalents) but was a known variation, seen by the inventor Whitney, and expressly not

2374404_1.DOC

included.   The distinct limitation of claim 5 of U.S. Patent No. 4,701,069 (the '069

Patent) to the road is a significant difference in location and purpose, and the result of

this difference is equally significant.

In *Planet Bingo*. the court went on to conclude that the claim limitation of a

"predetermination" of a winning combination excluded a determination of a winning

combination "after the start of a game."   The Court discussed the distinctions at page

1345 as follows:

> Further, the *Ethicon* and *Wright* cases dealt only with
> questions of small variation sin the degree of achieving a
> claimed limitation.   *See Ethicon*, 149 F.3d at 1321; *Wright,*
> 122 F.3d at 1445.  In this case, the proposed application of the
> doctrine of equivalents would change "before" to "after," a
> more marked difference.  This court has refused to apply the
> doctrine in other cases where the accused device contained
> the antithesis of the claimed structure.   For example, in
> *Moore,* this court refused to find infringement under the
> doctrine of equivalents for an accused produce with only a
> minority of adhesive strips where the claim called for a
> majority.  229 F.3d at 1106.  Similarly, in *Asyst Technologies,*
> an unmounted computer was not an equivalents to a claim
> limitation requiring a mounted computer.  402 F.3d at 1195.
> Finally, in *Sage*, an elongated slot within, rather than on top
> of, the claimed container did not infringe under the doctrine
> of equivalents.  126 F.3d at 1425-26

As in *Planet Bingo*, the road versus shoulder distinction is significant, was part of

the inventor's bargain in obtaining the patent, and evidence concerning the application of

the doctrine of equivalents to this case is inadmissible.

2374404_1.DOC

## II.
## NO ADVERSE INFERENCE IS AVAILABLE OR TO BE MADE CONCERNING FAILURE TO PRODUCE AN EXCULPATORY OPINION OF COUNSEL

Dickson obtained an opinion of counsel concerning the validity of the patent. That opinion has been produced and is offered as an exhibit in this case on the issue of willfulness. However, Dickson has not produced an opinion of counsel concerning lack of infringement, and evidence of lack of production of an opinion is not admissible evidence to imply any such opinion is (our would have been) adverse. *See Knorr-Bremse Systeme Fuer Intzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004 (en banc*)* (holding that an "adverse inference that an opinion was or would have been unfavorable, flowing from the infringer's failure to obtain or produce an exculpatory opinion of counsel, is no longer warranted"). Thus, evidence elicited to prove any adverse inference as a result of the fact Dickson did not produce an opinion of counsel concerning infringement is inadmissible.

## III.

## TORTIOUS INTERFERENCE – ISSUE OF MALICE

PET submits a jury instruction that states "actions are malicious if intentionally performed and the sole or primary purpose behind the act was to harm another." PET's Proposed Jury Instruction, p. 72. Contrary to PET's proposed instruction, the Oklahoma Supreme Court has defined malice as "the intentional performance of a wrongful act without justification or excuse." Morrow Development Corp. v. American Bank & Trust Co., 875 P.2d 411, 416 (Okla. 1994). *See also Navistar Int'l Transportation Co. v. Vernon Klein Truck & Equip.*, 919 P.2d 443, 447 (Okla. Ct. App. 1994). Thus, the sole or primary purpose behind the act does not have to be to harm another.

2374404_1.DOC

# IV.

## OBVIOUSNESS

The Supreme Court recently addressed the proper analysis for determining whether a patent claiming the combination of elements of prior art is obvious. "When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability. For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1740 (2007). One of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims. *Id.* at 1742. Any need or problem known in the field and addressed by the patent can provide a reason for combining the elements in the manner claimed. *Id.* In addition, when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill in the art has good reason to pursue the known options within his or her technical grasp. *Id.* If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. *Id.*

2374404_1.DOC

Respectfully submitted this 2nd day of July, 2007.

> *s/ John A. Kenney*
> John A. Kenney, OBA #4976
> Michael D. McClintock, OBA #18105
> McAfee & Taft A Professional Corporation
> Tenth Floor, Two Leadership Square
> 211 N. Robinson Avenue
> Oklahoma City, Oklahoma  73102-7103
> 405/235-9621
> 405/235-0439 (Fax)
>
> **ATTORNEYS FOR DICKSON**
> **INDUSTRIES, INC.**

2374404_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants for this case:

Joseph W. Bain, Esq.
Akerman, Senterfitt & Edison, PA
Esperante Building, Fourth Floor
222 Lakeview Avenue
West Palm Beach, FL  33401

Michael Salem, OBA#7876
Salem Law Offices
111 North Peters, Suite 100
Norman, OK  73069-7235

David A. Cheek, Esq.
Robert C. Thompson, Esq.
Cheek & Gelner, P.L.L.C.
6301 Waterford Blvd., Suite 320
Oklahoma City, OK  73118-1157

*s/ John K. Kenney*

2374404_1.DOC