IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DICKSON INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 0CIV-02-0467-HE |
| | ) |
| PATENT ENFORCEMENT TEAM, LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |

## VERDICT FORM

We, the jury, empaneled and sworn in the above-entitled cause, upon our oaths, find as follows:

1. Have Dickson and/or Midstate shown by clear and convincing evidence that claim 5 of the '069 patent is <u>invalid</u>, based on either anticipation or obviousness?

    **X** Yes    Claim 5 of the patent is invalid.

    ___ No    Claim 5 of the patent is valid.

*[If you answered "Yes" to this question, skip questions 2, 3, and 4, and go directly to question 5. If you answered "No" to this question, proceed to question 2.]*

2. Have Dickson and/or Midstate shown by clear and convincing evidence that claim 5 of the '069 patent is <u>unenforceable</u> by reason of inequitable conduct before the Patent Office in the prosecution or reexamination of claim 5?

    ___ Yes    Claim 5 of the patent is unenforceable.

    ___ No    Claim 5 of the patent is enforceable.

*[If you answered "Yes" to this question, skip questions 3 and 4, and go directly to question 5. If you answered "No" to this question, proceed to question 3.]*

3. The court has determined that, if you find claim 5 of the '069 patent to be valid and enforceable, then the 160 feet of rumble strips cut by Midstate in 2005 infringed the patent. Has Patent Enforcement Team shown by a preponderance of the evidence that Midstate <u>infringed</u> claim 5 of the '069 patent in any other way (i.e. over and above the 160 feet of rumble strips)?

    \_\_\_\_ Yes    Claim 5 of the patent was infringed over and above the 160 feet of rumble strips.

    \_\_\_\_ No    Claim 5 was not infringed over and above the 160 feet of rumble strips.

*[If you answered "Yes" to this question, proceed to questions 3(a), 3(b), and 4. If you answered "No" to this question, proceed to questions 3(a) and 3(b), then skip question 4, and go directly to question 5.]*

    3(a). What <u>reasonable royalty</u> do you find Patent Enforcement Team is entitled to receive from Midstate?

    AMOUNT OF ROYALTY: $_____

    3(b). Has Patent Enforcement Team shown by clear and convincing evidence that Midstate's infringement was <u>willful</u>?

    \_\_\_\_ Yes    Midstate's infringement was willful.

    \_\_\_\_ No    Midstate's infringement was not willful

4. Has Patent Enforcement Team shown by a preponderance of the evidence that Dickson <u>induced infringement</u> of claim 5 of the '069 patent? (You are not to consider the 160 feet of rumble strips in making your determination as to inducement.)

    \_\_\_\_ Yes    Dickson induced infringement.

    \_\_\_\_ No    Dickson did not induce infringement.

*[If you answered "Yes" to this question, proceed to questions 4(a), 4(b), and 5. If you answered "No" to this question, skip questions 4(a) and 4(b) and go directly to question 5.]*

       4(a). What <u>reasonable royalty</u> do you find Patent Enforcement Team is entitled to receive from Dickson?

          AMOUNT OF ROYALTY: $_____

       4(b). Has Patent Enforcement Team shown by clear and convincing evidence that Dickson's inducement of infringement was <u>willful</u>?

    \_\_\_\_ Yes    Dickson's inducement of infringement was willful.

    \_\_\_\_ No    Dickson's inducement of infringement was not willful.

5. Has Dickson shown by a preponderance of the evidence that Patent Enforcement Team <u>tortiously interfered</u> with Dickson's business relationships?

    **X** Yes    Patent Enforcement Team tortiously interfered.

    \_\_\_\_ No    Patent Enforcement Team did not tortiously interfere.

*[If you answered "Yes" to this question, proceed to question 5(a). If you answered "No" to this question, you have completed this form.]*

       5(a). What amount of <u>actual damages</u> do you find Dickson is entitled to receive from Patent Enforcement Team?

          AMOUNT OF ACTUAL DAMAGES: $503,873

*[If you awarded actual damages to Dickson, proceed to questions 5(b) and 5(c). If you did not award actual damages to Dickson, you have completed this form.]*

       5(b). Has Dickson shown by clear and convincing evidence that Patent Enforcement Team acted in <u>reckless disregard</u> of the rights of others?

    **X** Yes    Patent Enforcement Team acted in reckless disregard.

    \_\_\_\_ No    Patent Enforcement Team did not act in reckless disregard.

5(c). Has Dickson shown by clear and convincing evidence that Patent Enforcement Team acted <u>intentionally and with malice</u> towards others?

☒ Yes    Patent Enforcement Team acted intentionally and with malice.

___ No    Patent Enforcement Team did not act intentionally and with malice.

*[If you answered "Yes" to either question 5(b) or 5(c), proceed to question 5(d). If you answered "No" to both of these questions, you have completed this form.]*

5(d). What amount of <u>punitive damages</u> do you find Dickson is entitled to receive from Patent Enforcement Team?

AMOUNT OF PUNITIVE DAMAGES: $ 1,037,363

Signed this 28th day of September, 2007.

By: _____
    FOREPERSON