NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2008-1372, -1398

DICKSON INDUSTRIES, INC.,

            Plaintiff-Appellee,

v.

PATENT ENFORCEMENT TEAM, L.L.C.,

            Defendant/Third Party Plaintiff-
            Appellant,

v.

MIDSTATE TRAFFIC CONTROLS, INC. and SAWHORSE INVESTMENTS, L.L.C.,

            Third Party Defendants-
            Cross Appellants.

  John A. Kenney, McAfee & Taft, of Oklahoma City, Oklahoma, for plaintiff-appellee. With him on the brief were Michael D. McClintock, Charles L. McLawhorn, III, and Andrew B. Peterson.

  James J. Wolfson, Carlton Fields, P.A., of Atlanta, Georgia, for defendant/third party plaintiff-appellant. With him on the brief was Gail E. Podolsky.

  David A. Cheek, Cheek & Falcone, PLLC, of Oklahoma City, Oklahoma, for third party defendants-cross appellants.

Appealed from: United States District Court for the Western District of Oklahoma

Judge Joe Heaton

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1372, -1398

DICKSON INDUSTRIES, INC.,

                        Plaintiff-Appellee,

v.

PATENT ENFORCEMENT TEAM, L.L.C.,

                        Defendant/Third Party Plaintiff-Appellant,

v.

MIDSTATE TRAFFIC CONTROLS, INC. and SAWHORSE INVESTMENTS, L.L.C.,

                        Third Party Defendants-Cross Appellants,

Appeals from the United States District Court for the Western District of Oklahoma in case no. 02-CV-467, Judge Joe Heaton.

DECIDED: May 20, 2009

Before MAYER, and RADER, Circuit Judges, and POSNER, Circuit Judge[*].

RADER, Circuit Judge.

The United States District Court for the Western District of Oklahoma upheld the jury verdict that claim 5 of Patent Enforcement Team's (PET's) patent, U.S. Patent No. 4,701,069 ('069 Patent), is invalid due to anticipation or obviousness. Furthermore, the district court found the '069 Patent is unenforceable due to inequitable conduct of PET

---

[*] Honorable Richard A. Posner, Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

during the reexamination of the patent. The district court also concluded that this is an exceptional case and awarded Dickson Industries, Inc. (Dickson) attorney fees under 35 U.S.C. § 285. This court affirms the district court's ruling that claim 5 is invalid. Nevertheless, because the trial court erred in finding PET's patents unenforceable due to inequitable conduct, this court remands for a new trial on inequitable conduct, and accordingly, vacates the award of attorney fees based on the exceptional case finding.

I.

Dickson, an Oklahoma company, filed suit against PET, a Florida Company, seeking a Declaratory Judgment that PET's '069 Patent is invalid and unenforceable. Dickson manufactures and sells machines to cut rumble strips. PET is in the business of licensing patents. By way of introduction to its licensing program, PET informed companies that using certain machines to cut rumble strips might infringe the '069 patent. PET invited these companies to negotiate a license. In 2001, PET approached Midstate Traffic Controls, Inc. (Midstate), one of Dickson's customers. Midstate refused to enter into a license agreement with PET. Instead, Midstate sued Dickson for indemnification. After Midstate and Dickson reached a settlement, Dickson filed a Declaratory Judgment Action against PET in the United States District Court for the Western District of Oklahoma.[1]

---

[1] On appeal, PET challenges personal jurisdiction in the Western District of Oklahoma. However, PET stipulated to personal jurisdiction in Oklahoma when it entered into the Joint Motion to Dismiss in the United States District Court of Arizona, agreeing to be bound by "any and all findings and conclusions in the Oklahoma Action." **[A1213]** Moreover, PET waived any further objection regarding personal jurisdiction when it stipulated to the fact "This court has jurisdiction over this matter" in the Joint Status Report and Discovery Plan, submitted to the court on February 27, 2006. **[A1218]**

2008-1372, -1398                                2

Dickson subsequently amended its Complaint to allege that PET tortiously interfered with Dickson's business relations, and PET filed a counterclaim against Dickson for infringement of claim 5 of the '069 Patent. In early 2003, the case was administratively closed pending reexamination of the patent. It was re-opened in 2006 after the USPTO upheld claims 1-7 of the original '069 Patent.

After issuing its Markman ruling, the district court entered a Scheduling Order setting deadlines for all parties to file a motion for leave to amend their pleadings. Dickson timely filed a Motion for Leave to File Second Amended Complaint, seeking to add an allegation that the '069 Patent is unenforceable due to inequitable conduct by PET during reexamination. The district court denied Dickson's motion. At the same time, it vacated the prior Scheduling Order and replaced it with one that did not allow for the amendment of pleadings.

In June 2007, Dickson responded to PET's Motion for Partial Summary Judgment on Validity by arguing the '069 Patent is unenforceable due to inequitable conduct during reexamination. PET filed a motion in limine to exclude such evidence. The district court denied the motion 10 days prior to trial. PET renewed its motion at the pretrial conference. Relying on the court's denial of Dickson's Motion for Leave to File Second Amended Complaint, PET's attorney told the judge that he believed that the issue of inequitable conduct during reexamination was not in issue. Moreover, he was not prepared to try the issue. Nevertheless, the district court denied PET's renewed motion in limine and allowed the parties to proceed.

At the conclusion of trial, the jury found claim 5 of the '069 Patent invalid due to anticipation or obviousness and PET liable for tortious interference with Dickson's

business relationships. The jury awarded Dickson both compensatory and punitive damages in the amount of $1,541,236. The district court upheld the jury's verdict. Dickson filed a post-trial Motion to Declare the '069 Patent Unenforceable Due to Inequitable Conduct. Dickson alleged that during the reexamination of the '069 Patent, PET failed to disclose the Spangler Patent, affidavits concerning the Modified Target Saw (MTS), and the video and photos of the operation of the MTS. After concluding that the omitted references are material and the omission of these references was done with the intent to deceive, the district court granted Dickson's motion and ruled that the '069 Patent is unenforceable due to inequitable conduct by PET during reexamination. Furthermore, the district court concluded that this is an exceptional case under 35 U.S.C. § 285 because Dickson has shown by clear and convincing evidence that PET and/or its attorneys engaged in inequitable conduct before the USPTO during the re-examination.

II.

The '069 Patent is entitled "Rain Drainage Grooves in a Road and Apparatus for Making Them." James Whitney filed a patent application for the invention in 1986. The patent issued in 1987. Claim 5 is representative:

> A method of forming a plurality of grooves in the surface of a road, the method including the steps of rotating a cutting cylinder about an axis which is substantially horizontal and which axis is at an angle to the longitudinal direction of the road, moving the rotating cutting cylinder along the road, and simultaneously, moving said cylinder alternately up above the road surface and down into said road surface, to thereby from a plurality of generally parallel grooves in the road each groove have a forward side wall and a rearward side wall.

U.S. Patent No. 4,701,069 (filed Dec. 10, 1986). During trial, Dickson alleged that the Spangler Patent, issued in 1984, anticipates the '069 Patent. Dickson further alleged

that during the reexamination of the '069 Patent, PET failed to disclose the Spangler Patent and other material prior art references and documentation.

The Spangler Patent discloses a grinding apparatus that can travel over the road surface while the grinding wheel is controlled by a hydraulic cylinder allowing the grinding wheel to move up above and down into the road surface, in order to cut rumble strips. U.S. Patent No. 4,473,319 (filed Apr. 27, 1982) ("[M]odifying the existing road surface to obtain said desire profile by propelling road resurfacing equipment over the existing the road surface while continuously controlling said road resurfacing equipment . . . ."). PET learned about the Spangler patent prior reexamination; however, it did not disclose the patent to the USPTO during the reexamination.

III.

Anticipation under 35 U.S.C. §102 requires a single prior art reference which discloses each and every element of the claimed invention. See Akzo N.V. v. U.S. Int'l Trade Comm'n, 808 F.2d 1471, 1479 (Fed. Cir. 1986). In an anticipation analysis, what a prior art reference discloses is a factual determination that this Court reviews for clear error. See Zenon Environmental, Inc. v. U.S. Filter Corp., 506 F.3d 1370, 1377 (Fed. Cir. 2007). The Court must assume that all underlying factual issues were resolved in favor of the verdict winner, and must uphold the findings if they are supported by substantial evidence. Akamai Technologies, Inc. v. Cable & Wireless Internet Services, Inc., 344 F.3d 1186, 1192 (Fed. Cir. 2003). A factual finding is supported by substantial evidence if a reasonable jury could have found in favor of the prevailing party in light of the evidence presented at trial. Id.

There is substantial evidence to lead a reasonable jury to find that the Spangler Patent anticipates the '069 Patent. The Spangler Patent discloses a grinding apparatus that can travel over the road surface while the grinding wheel is controlled by a hydraulic cylinder, allowing the grinding wheel to move up and down into the road surface to form the desired rumble strips. Dickson's expert, Chris Bailey, testified concerning the Spangler Patent and concluded that the Spangler Patent contains each and every element of claim 5 of the '069 Patent.

The Spangler Patent contemplates an application to cut rumble strips and discloses an embodiment in which a grinding wheel that attaches to a hydraulic cylinder is used to remove the surface of the road. The operator is able to control the hydraulic cylinder which in turn alters the vertical position of the grinding wheel. Moreover, PET's expert opined that if the jury concludes that one of ordinary skill in the art would read the Spangler Patent to teach moving the cutting head above the road surface then the Spangler Patent anticipates claim 5. There is substantial evidence indicating that a person of ordinary skill in the art would understand that the Spangler Patent discloses moving the cutting head above the road surface via the hydraulic cylinder. As such, the Spangler Patent anticipates claim 5 of the '069 Patent.

Thus, this court affirms the district court's decision to uphold the jury verdict that claim 5 of the '069 Patent is invalid.

IV.

Because inequitable conduct ultimately falls within the discretion of the district court, this court reviews that determination for an abuse of discretion. Kingsdown Med. Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 876 (Fed. Cir. 1988) (en banc). The

trial court's factual findings on the issues of materiality and intent, however, are reviewed for clear error. Id. Where a court premises its inequitable conduct determination upon clearly erroneous findings of materiality and/or intent, it constitutes an abuse of discretion and this court must reverse. Impax Labs., Inc. v. Aventis Pharms., 468 F.3d 1366, 1375 (Fed. Cir. 2006).

To find a patent unenforceable due to inequitable conduct, the accused infringer must present clear and convincing evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the PTO. Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1363 (Fed. Cir. 2007). A determination based solely on one part of the test is legally erroneous. Id.

"Information is material when a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent." Star Scientific, 537 F.3d at 1367 (quoting Symantec Corp. v. Computer Assocs. Int'l, Inc., 522 F.3d 1279, 1297 (Fed. Cir. 2008)). For instance, information concealed from the USPTO may be material even if it does not invalidate the patent. Li Second Family Ltd. P'ship v. Toshiba Corp., 231 F.3d 1373, 1380 (Fed. Cir. 2000). But an otherwise material reference is not material if it is merely cumulative to, or less relevant than, information already considered by the examiner. See Digital Control, Inc. v. Charles Mach. Works, 437 F.3d 1309, 1319 (Fed. Cir. 2006).

Moreover, "materiality does not presume intent, which is a separate and essential component of inequitable conduct." GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1274 (Fed. Cir. 2001). The alleged infringer must prove with clear and convincing evidence

that the patentee concealed the material information with the specific intent to mislead or deceive the USPTO. Star Scientific, 537 F.3d at 1366. And even gross negligence is insufficient to prove intent to deceive. Kingsdown, 863 F.2d at 876. "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference." Star Scientific, 537 F.3d at 1366 (quoting Molins PLC v. Textron, Inc., 48 F.3d 1172, 1181 (Fed. Cir. 1995)).

In this case, the district court denied Dickson's motion to amend its complaint to add the issue of inequitable conduct during reexamination. Relying on the district court's earlier ruling, PET did not fully prepare the issue for trial. Then, despite PET's motion in limine and repeated objection, the district allowed the issue to be presented at trial. The district court's inconsistent orders prejudiced PET and denied it the opportunity to adequately defend against the allegation of inequitable conduct at trial. For instance, PET was denied the opportunity to introduce evidence of good faith, which militates against a finding of deceptive intent. See, e.g., Larson Mfg. Co. of S.D. v. Aluminart Products Ltd., 559 F.3d 1317, 1341 (Fed. Cir. 2009).

The district court's contradicting positions undermine the legitimacy of its ruling on inequitable conduct. This court cannot say with confidence that the record regarding inequitable conduct is not incomplete. Thus, this court vacates the district's decision on the issue of inequitable conduct and remands to provide an opportunity to fully develop the record regarding inequitable conduct. Further, this Court vacates the award of attorney fees premised on inequitable conduct as premature.

On remand, in order to prevail, Dickson must prove, by clear and convincing evidence that PET failed to disclose material information to the USPTO and intent to deceive the USPTO. See Star Scientific, 537 F.3d at 1366. The materiality prong and the intent prong are separate components of the inequitable conduct and must be independently satisfied. Id. Materiality does not presume intent and in the case of omission of material information, possession of the material references alone is insufficient to prove intent. Larson, 559 F.3d at 1341. Rather, there must be clear and convincing evidence that PET intended to deceive or mislead the USPTO. Id.

This court has long recognized that "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague." Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988). Given the severe consequences of unenforceability when it is imposed on a patent, it is paramount that the district court exercise necessary caution to ensure that the patent owner met its burden of proof with respect to both the materiality and deceptive intent.

V.

Because substantial evidence supports the jury verdict that claim 5 of the '069 Patent is invalid due to anticipation or obviousness, this court affirms in part. However, this court vacates the district court's finding that the '069 is unenforceable due to inequitable conduct during reexamination and vacates the award of attorney fees premised on inequitable conduct. This court remands in order to create a complete record and provide PET an opportunity to defend against Dickson's allegation of inequitable conduct.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

2008-1372, -1398                                9

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
Date: 7/30/09

# United States Court of Appeals for the Federal Circuit

2008-1372, -1398

DICKSON INDUSTRIES, INC.,

                    Plaintiff-Appellee,

v.

PATENT ENFORCEMENT TEAM, L.L.C.,

                    Defendant/Third Party Plaintiff-Appellant,

v.

MIDSTATE TRAFFIC CONTROLS, INC. and SAWHORSE INVESTMENTS, L.L.C.,

                    Third Party Defendants-Cross Appellants,

---

## Judgment

ON APPEAL from the    United States District Court for the Western District of Oklahoma

in CASE NO(S).    02-CV-467.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>.

ENTERED BY ORDER OF THE COURT

DATED MAY 2 0 2009

Jan Horbaly, Clerk



ISSUED AS A MANDATE: JUL 3 0 2009